UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESSOCIATE, INC., a Delaware corporation,<br><br>                             Plaintiff,<br><br>     v.<br><br>4355768 CANADA INC., a Canada corporation, dba CrakMedia,<br><br>                             Defendant. | Case No.<br><br>**SCTR'S MOTION TO QUASH SUBPOENA**<br><br>**NOTE ON MOTION CALENDAR:<br>OCTOBER 31, 2014** |

## I. INTRODUCTION AND RELIEF REQUESTED

Pursuant to Rule 45(d), non-party SCTR Services, LLC ("SCTR") respectfully requests that the Court quash the subpoena served upon it by Plaintiff Essociate, Inc. ("Essociate").

The subpoena is rife with procedural and substantive defects and should be quashed:

- The subpoena purports to require SCTR to give evidence in a patent infringement lawsuit filed in the Central District of California. However, the subpoena is captioned as originating from this Court. Thus, on its face, the subpoena does not comply with Fed. R. Civ. P. 45(a)(2);

- The subpoena puts an undue burden on SCTR, a non-party, because most (if not all) of the requested information could be obtained from discovery between the parties;

- The documents Essociate demands are confidential and proprietary. Further, any responsive documents are most likely to be in electronic form. Given the posture of the California lawsuit, this requires SCTR, a non-party, to address protective order and ESI issues that have not been worked out by the parties. Once again, this is an unreasonable burden to put on a non-party;

- The document requests are unduly cumulative and duplicative; and

SCTR'S MOTION TO QUASH SUBPOENA - 1
NO.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

118105.0046/6185718.3

- The Subpoena does not give SCTR adequate time to comply.

Simply put, the subpoena is improper and should be quashed. Essociate should be precluded from issuing a new subpoena to SCTR until after the parties have exchanged discovery. SCTR should also be awarded the reasonable attorney fees and costs incurred in bringing this motion.

## II.  BACKGROUND

### A.  The California Lawsuit

On or about April 30, 2014, Esscoiate filed a patent infringement lawsuit against Defendant 4355768 CANADA INC., a Canada corporation, dba CrakMedia ("CrakMedia") under United States District Court for the Central District of California Case No. 8:14-cv-00679-JVS-DFM ("California Lawsuit"). Docket Sheet, Ex. A to Declaration of Abraham K. Lorber ("Lorber Decl."). CrakMedia has answered the complaint and counterclaimed and Essociate has responded to the counterclaim. *Id.* at ECF Nos. 15-17. Judge Selna has called the parties before the court for a Rule 26(f) status conference at 11:30 a.m. on October 20, 2014. *Id.* at ECF No. 29. This status conference is set to occur in Santa Ana, California.[1] As discussed below, Essociate has subpoenaed SCTR for deposition in Seattle, Washington at 10:00 a.m. the same day.

Upon information and belief, the parties to the California Lawsuit have not propounded discovery on each other nor exchanged documents.

### B.  The Subpoena

On or about October 6, 2014, Essociate served SCTR with a Subpoena to Testify at a Deposition in a Civil Action ("Subpoena"). *See* Subpoena, Ex. B to Lorber Decl. The Subpoena is issued from the Western District of Washington and lists "United States District Court for the Western District of Washington" as the court name in the caption. *Id.*

---

[1] *See* http://court.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb080863c88ab47882567c9007fa070/fd063442150e12a3882579f5006b081e?OpenDocument, last accessed October 13, 2014.

SCTR'S MOTION TO QUASH SUBPOENA - 2
NO.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

118105.0046/6185718.3

The Subpoena purports to require SCTR to appoint a corporate representative to testify on October 20, 2014 in Seattle, Washington. *Id.* This is **_the same day_** that the parties' Rule 26(f) conference is scheduled in California. *See* Docket Sheet at ECF No. 2, Ex. A to Lorber Decl.

C.   **Background Regarding SCTR**

SCTR owns and operates a large number of websites that users pay to access. Declaration of Clement Picquet ("Picquet Decl.") ¶ 3. CrakMedia acts as an affiliate, directing traffic to SCTR's websites. *Id.* CrakMedia itself has a large number of affiliates, who direct traffic to SCTR's websites on behalf of CrakMedia. SCTR then pays CrakMedia a fee based on the amount of traffic generated to SCTR's websites, which CrakMedia distributes to its own affiliates. *Id.*

### III.  EVIDENCE RELIED UPON

This motion relies upon the Declaration of Abraham K. Lorber and attached exhibits, the Declaration of Clement Picquet, and the other pleadings and papers on file with the Court in this action.

### IV.  ISSUES

1. Should the Court quash the Subpoena?

2. Should the Court prohibit Essociate from subpoenaing SCTR again until the parties have exchanged discovery in the California Lawsuit?

3. Should the Court award SCTR the reasonable attorney fees and costs incurred in bringing this motion?

### V.  ARGUMENT

Fed. R. Civ. P. 45(d)(3) invests the Court "where compliance is required" with the power to quash or modify a subpoena. Here, the Subpoena should be quashed and modified for multiple reasons.

SCTR'S MOTION TO QUASH SUBPOENA - 3
NO.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

118105.0046/6185718.3

**A.    The Subpoena Violates Fed. R. Civ. P. 45(a)(2).**

Fed. R. Civ. P. 45(a)(2) provides "A subpoena must issue from the court where the action is pending." Here, the California Lawsuit is pending in the Central District of California. Docket Sheet, Ex. A to Lorber Decl. However, the Subpoena is issued from the Western District of Washington and "United States District Court for the Western District of Washington" is listed as the court name in the caption. Subpoena, Ex. B to Lorber Decl. Accordingly, the Subpoena violates Fed. R. Civ. P. 45(a)(2), is invalid on its face, and must be quashed.

**B.    The Subpoena Puts an Undue Burden on SCTR.**

Fed. R. Civ. P. 45(d)(3)(A)(iv) permits a Court to quash a subpoena that "subjects a person to an undue burden." The Subpoena here is unduly burdensome for a variety of reasons.

**1.    The Information Requested by the Subpoena Can be More Conveniently Obtained from CrakMedia.**

Under Fed. R. Civ. P. 26(b)(2)(C), a court must limit discovery if, among other things, it determines the discovery "can be obtained from some other more convenient source." Here, as supported by the testimony of SCTR Manager Clement Picquet, the testimony requested from the Subpoena can almost entirely be obtained from CrakMedia itself. Picquet Decl. ¶ 4. Indeed, such topics as communications with CrakMedia, payments to and from CrakMedia, agreements with Crakmedia, etc., can necessarily be obtained from CrakMedia itself. *See* Subpoena Ex. A, Ex. B to Lorber Decl. The fact that the information can be obtained from a party, rather than a non-party, weighs strongly in favor of quashing the subpoena.

> Underlying the protections of Rule 45 is the recognition that 'the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery.'

*Smyth v. Merchants Credit Corp.*, C11-1879RSL, 2013 WL 5200811 (W.D. Wn. Sept. 16, 2013) (quoting *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D.Cal.2006)).

SCTR'S MOTION TO QUASH SUBPOENA - 4
NO.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

118105.0046/6185718.3

The California Lawsuit is in its very early stages procedurally: the parties have not conferred pursuant to Rule 26(f), they have not exchanged documents or discovery, no trial deadlines have been set, and there are no agreements in the record regarding protective orders or the handling of ESI.  *See* Docket Sheet, Ex. A to Lorber Decl.  While SCTR cannot speak to the motivations of Essociate and its attorneys, it appears that the Subpoena is an attempt to shortcut the normal discovery process and impose discovery obligations upon a non-party.  Esscoiate should not be permitted to do this.  Not only should the Court quash the Subpoena, it should prohibit Essociate from issuing a new subpoena to SCTR until after the parties have exchanged discovery in the California lawsuit.  Once the parties do exchange discovery, Essociate can, if necessary, craft a subpoena to SCTR that requests only that information not more conveniently available from CrakMedia.

**2.      The Subpoena Calls for the Production of Confidential and Proprietary Information.**

Fed. R. Civ. P. 45(d)(3)(B)(i) allows a court to quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information."

Here, the Subpoena demands testimony and documents regarding, among other things:

- "All communications with CrakMedia;"
- "Any payments from CrakMedia to You or from You to CrakMedia;"
- "The structure, operation, and development of the VideosZ Affiliate Program as it relates to CrakMedia;"
- "All URL syntax or any portion of any URL that You have ever provided, created, or distributed to CrakMedia in connection with any of Your advertisements, offers, campaigns, or promotions"; [and]
- "The source, structure, and technical functionality of those URLs and URL portions and each component thereof."

Subpoena Ex. A, Ex. B to Lorber Decl.  These requests amount to essentially all of SCTR's product information, technical information, and business practices regarding CrakMedia.  Picquet Decl. ¶ 5.  Disclosure of this information would be invaluable to

SCTR'S MOTION TO QUASH SUBPOENA - 5
NO.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

118105.0046/6185718.3

SCTR's competitors as it would give those competitors inside knowledge on how SCTR operates, technical details regarding its products, and how it monetizes those products. *Id.* The concern over confidentiality and trade secrets is especially pressing in light of the fact that, due to the early procedural posture of the California Lawsuit, there are no protective orders or agreements regarding ESI in place. *See* Docket Sheet, Ex. A to Lorber Decl. It is an unreasonable burden to impose the work of developing these orders and agreements on SCTR, a non-party.

Accordingly, the Subpoena should be quashed because it violates Rule 45(d)(3)(B)(i).

**3.     The Information Requested by the Subpoena is Unreasonably Cumulative and Duplicative.**

Fed. R. Civ. P. 26(B)(2)(C)(i) prohibits discovery that is unreasonably cumulative and duplicative. Here, the Subpoena calls for broad categories of documents and information, unlimited in temporal or subject matter scope. *See generally* Subpoena Ex. A, Ex. B to Lorber Decl. Any responsive documents would be voluminous as CrakMedia and SCTR have been working together for over five years. Picquet Decl. ¶¶ 5-6. Requiring "all communications," or "all payments," or "all agreements" during this time period is simply too broad. *McDougal-Wilson v. Goodyear Tire & Rubber Co.*, 232 F.R.D. 246, 252 (E.D.N.C. 2005) (denying motion to compel that call for production of documents outside relevant temporal scope). The Court should therefore quash the Subpoena on this ground as well.

**4.     The Subpoena Does Not Allow Reasonable to Comply.**

The Subpoena was served on October 6, 2014 and demands compliance on October 20, 2014, a mere 14 days later. Subpoena, Ex. B to Lorber Decl. This is an unreasonably short period of time in which to prepare responses to 17 subjects of testimony and 13 categories of documents. *See* Subpoena Ex. A, Ex. B to Lorber Decl. Pursuant to Fed. R. Civ. P. 45(d)(3)(A)(i), the Court should quash the Subpoena because it does not allow a reasonable time to comply.
SCTR'S MOTION TO QUASH SUBPOENA - 6
NO.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

118105.0046/6185718.3

C. **The Court Should Award SCTR the Reasonable Attorney Fees and Costs Incurred in Bringing this Motion to Quash.**

Fed. R. Civ. P. 45(d)(1) permits the Court to award reasonable attorney fees and costs to a party who must bring a motion to quash to protect itself from an improper subpoena. SCTR respectfully requests that the Court award it the reasonable attorney fees and costs it has incurred in bringing this motion. If the Court grants this relief, SCTR requests leave to present its fee declaration by separate pleading.

## VI. CONCLUSION

The Subpoena is procedurally defective on its face and is substantively improper. The Court should quash the subpoena and prohibit Essociate from reissuing a subpoena to SCTR until after the parties have exchanged discovery. Finally, the Court should award SCTR the reasonable attorney fees and costs it incurred in bringing this motion to quash.

DATED October 15, 2014.

LANE POWELL PC

By s/ Abraham K. Lorber
Abraham K. Lorber, WSBA No. 40668
lorbera@lanepowell.com
1420 Fifth Avenue, Suite 4200
PO Box 91302
Seattle, WA 98111-9402
T: 206.223.7000
F: 206.223.7107

Attorneys for SCTR Services, LLC

SCTR'S MOTION TO QUASH SUBPOENA - 7
NO.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

118105.0046/6185718.3

## CERTIFICATE OF SERVICE

I certify that on the date indicated below I caused a copy of the foregoing document to be filed with the Clerk of the Court via the CM/ECF system. I further certify that on the date indicated below I caused a copy of the foregoing document to be served on the following people in the following manner:

John D. Du Wors
Newman Du Wors LLP
1201 Third Avenue Suite 1600
Seattle, WA 98101
john@newmanlaw.com
Via email and U.S. Mail

Derek A Newman
Newman Du Wors LLP
100 Wilshire Boulevard Suite 950
Santa Monica, CA 90401
derek@newmanlaw.com
Via email and U.S. Mail

Ben M Davidson
Davidson Law Group
11377 West Olympic Boulevard
Los Angeles, CA 90064
bdavidson@davidson-lawfirm.com
Via email and U.S. Mail

I affirm under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

SIGNED October 15, 2014 at Seattle, Washington.

*s/ Peter Elton*
Peter Elton

SCTR'S MOTION TO QUASH SUBPOENA - 8
NO.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

118105.0046/6185718.3