# Exhibit A

ACCO,(DFMx),AO120,DISCOVERY,MANADR,RELATED-G

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
# CIVIL DOCKET FOR CASE #: 8:14-cv-00679-JVS-DFM

| | |
|---|---|
| Essociate, Inc. v. 4355768 CANADA INC. | Date Filed: 04/30/2014 |
| Assigned to: Judge James V. Selna | Jury Demand: Both |
| Referred to: Magistrate Judge Douglas F. McCormick | Nature of Suit: 830 Patent |
| Related Case: 8:09-cv-00536-JVS-MLG | Jurisdiction: Federal Question |
| Cause: 15:1126 Patent Infringement | |

**Plaintiff**

Essociate, Inc.  represented by  **John D Du Wors**
*a Delaware corporation*               Newman Du Wors LLP
                                       1201 Third Avenue Suite 1600
                                       Seattle, WA 98101
                                       206-274-2800
                                       Fax: 206-274-2801
                                       Email: john@newmanlaw.com
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

                                       **Derek A Newman**
                                       Newman Du Wors LLP
                                       100 Wilshire Boulevard Suite 950
                                       Santa Monica, CA 90401
                                       310-359-8200
                                       Fax: 310-359-8190
                                       Email: derek@newmanlaw.com
                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**4355768 CANADA INC.**  represented by  **Ben M Davidson**
*a Canada corporation*                   Davidson Law Group
*doing business as*                      11377 West Olympic Boulevard
CrakMedia                                Los Angeles, CA 90064
                                         310-473-2300
                                         Fax: 310-473-2941
                                         Email: bdavidson@davidson-lawfirm.com
                                         *ATTORNEY TO BE NOTICED*

**Counter Claimant**

| 4355768 CANADA INC. | represented by | **Ben M Davidson** |
|---|---|---|
| *a Canada corporation* | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Counter Defendant**

| Essociate, Inc. | represented by | **John D Du Wors** |
|---|---|---|
| *a Delaware corporation* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Derek A Newman** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 04/30/2014 | 1 | COMPLAINT Receipt No: 0973-13742539 - Fee: $400, filed by plaintiff Essociate, Inc.. (Attachments: # 1 Exhibit A - U.S. Patent No. 6,804,660) (Attorney Derek A Newman added to party Essociate, Inc.(pty:pla))(Newman, Derek) (Entered: 04/30/2014) |
| 04/30/2014 | 2 | CIVIL COVER SHEET filed by Plaintiff Essociate, Inc.. (Newman, Derek) (Entered: 04/30/2014) |
| 04/30/2014 | 3 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by plaintiff Essociate, Inc.. (Newman, Derek) (Entered: 04/30/2014) |
| 04/30/2014 | 4 | CERTIFICATE of Interested Parties filed by plaintiff Essociate, Inc., (Newman, Derek) (Entered: 04/30/2014) |
| 04/30/2014 | 5 | REPORT ON THE FILING OF AN ACTION Regarding a Patent or a Trademark (Initial Notification) filed by Essociate, Inc.. (Newman, Derek) (Entered: 04/30/2014) |
| 05/01/2014 | 6 | NOTICE OF ASSIGNMENT to District Judge Josephine L. Staton and Magistrate Judge Douglas F. McCormick. (em) (Entered: 05/01/2014) |
| 05/01/2014 | 7 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (em) (Entered: 05/01/2014) |
| 05/01/2014 | 8 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant 4355768 CANADA INC. (em) (Entered: 05/01/2014) |
| 05/01/2014 | 9 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Derek A Newman for Plaintiff Essociate, Inc. Pro Hac Vice application has not been received by the court. Please return your completed Application of Non-Resident Attorney to Appear in a Specific Case, form G-64, or a copy of the Notice of Electronic Filing of your application and the $325.00 fee and this notice immediately. (em) (Entered: 05/01/2014) |

| | | |
|---|---|---|
| 05/02/2014 | 10 | RESPONSE filed by Pro Hac Vice attorney Derek A Newman on behalf of Plaintiff Essociate, Inc.. RE: Notice of Filing Fee Due. PHV fee N/A. Attorney is a licensed California attorney, admitted to this Court on 12/1/97, is active and in good standing. (lt) (Entered: 05/02/2014) |
| 05/02/2014 | 11 | RESPONSE filed by Pro Hac Vice attorney John D Du Wors on behalf of Plaintiff Essociate, Inc.. RE: Notice of Filing Fee Due. PHV fee N/A. Attorney is a licensed California attorney, admitted to this Court on 12/27/04, is active and in good standing. (lt) (Entered: 05/02/2014) |
| 05/02/2014 | 12 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 -Related Case- filed. Related Case No: SACV09-00536 JVS (MLGx). Case transferred from Judge Josephine L. Staton to Judge James V. Selna for all further proceedings. The case number will now reflect the initials of the transferee Judge SACV14-00679 JVS (DFMx). Signed by Judge James V. Selna (dro) (Entered: 05/05/2014) |
| 06/03/2014 | 13 | First STIPULATION Extending Time to Answer the complaint as to 4355768 CANADA INC. answer now due 7/7/2014, filed by Defendant 4355768 CANADA INC..(Attorney Ben M Davidson added to party 4355768 CANADA INC.(pty:dft)) (Davidson, Ben) (Entered: 06/03/2014) |
| 06/03/2014 | 14 | CERTIFICATE of Interested Parties filed by Defendant 4355768 CANADA INC., (Davidson, Ben) (Entered: 06/03/2014) |
| 07/07/2014 | 15 | ANSWER to Complaint (Attorney Civil Case Opening) 1 JURY DEMAND. filed by Defendant 4355768 CANADA INC..(Davidson, Ben) (Entered: 07/07/2014) |
| 07/07/2014 | 16 | COUNTERCLAIM against Essociate, Inc.; Jury Demand, filed by Defendant 4355768 CANADA INC..(Davidson, Ben) (Entered: 07/07/2014) |
| 07/28/2014 | 17 | RESPONSE filed by Plaintiff Essociate, Inc.to Counterclaim 16 (Newman, Derek) (Entered: 07/28/2014) |
| 07/29/2014 | 18 | INITIAL ORDER FOLLOWING FILING OF COMPLAINT ASSIGNED TO JUDGE SELNA (See Document for Details) (kt) (Entered: 07/29/2014) |
| 07/29/2014 | 19 | ORDER SETTING RULE 26(f) SCHEDULING CONFERENCE by Judge James V. Selna. Joint Rule 26 Meeting Report due by 10/14/2014. Scheduling Conference set for 10/20/2014 at 11:30 AM before Judge James V. Selna. (See Document for Details) (kt) (Entered: 07/29/2014) |
| 10/07/2014 | 20 | REQUEST TO WITHDRAW ATTORNEY Bennet G. Kelley as counsel of record filed by defendant 4355768 CANADA INC.. (Attachments: # 1 Proposed Order on Request for Approval of Substitution of Attorney, # 2 Proof of Service)(Davidson, Ben) (Entered: 10/07/2014) |

### PACER Service Center

#### Transaction Receipt

10/14/2014 13:35:04

| PACER Login: | lp0913:2924453:3934905 | Client Code: | 118105.000046 akl |
|---|---|---|---|

| **Description:** | Docket Report | **Search Criteria:** | 8:14-cv-00679-JVS-DFM End date: 10/14/2014 |
|---|---|---|---|
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# Exhibit B

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | | |
|---|---|---|
| ESSOCIATE, INC., a Delaware corporation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 14-cv-00679-JVS-DFM |
| 4355768 CANADA INC., a Canada corporation, dba CrakMedia | ) ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: SCTR SERVICES, LLC c/o RSC Corporation
1201 Third Avenue, Suite 3400, Seattle, WA 98101-3034

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A.

| Place: Newman Du Wors LLP<br>1201 Third Avenue, Suite 1600<br>Seattle, WA 98101 | Date and Time:<br>10/20/2014 10:00 am |
|---|---|

The deposition will be recorded by this method: audio, audiovisual, and stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/06/2014

*CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Essociate, Inc.
Derek Newman, Newman Du Wors LLP, 100 Wilshire Blvd, Ste 940 , who issues or requests this subpoena, are:
Santa Monica, CA 90401, dn@newmanlaw.com; (310) 359-8200

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A
# SUBPOENA TO SCTR SERVICES, LLC

## I. INSTRUCTIONS

1. You must divulge all information in Your possession, custody, or control or that of Your attorneys, investigators, agents or other representatives. In answering, you must provide all information available.

2. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used and vice versa; the use of the masculine form of a pronoun shall be considered to include within its meaning the feminine form of the pronoun so used and vice versa; and, the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb.

3. Whenever it is necessary to bring within the scope of the subject matter information that otherwise might be construed to be outside its scope, "any" should be understood to include and encompass "all"; "all" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and, "and" should be understood to include and encompass "or."

4. The use of the words "include(s)" and "including" should be construed to mean without limitation.

5. The terms "present" or "presently" refer to the date of service of this subpoena.

## II. DEFINITIONS

1. Unless the context clearly indicates otherwise, the following words and phrases are defined and used herein as follows:

2. The term "Communications" includes any and all phone conversations, emails, correspondence, meetings, conferences, instant messaging, text messaging, memoranda, or any record of oral communication.

1
EXHIBIT A TO NONPARTY SUBPOENA TO SCTR SERVICES, LLC

3.      The term "Document" has the full extent of its meaning as provided in Fed. R. Civ. P. 26 and 34 and includes the original or a copy of the original and any non-identical copy, regardless of original location, of any recorded, written, printed, typed or other graphic material of any kind, variety, type or character including, by way of example but not limited to, the following: books; records; contracts; agreements; invoices; orders; bills; certificates; bills of sale; bills of lading; correspondence; trip reports; spreadsheets; databases; certificates of title; financing statements; instruments; expense accounts; canceled checks; bank statements; bank books; receipts; disbursement journals; tax returns; financial statements; check stubs; promissory notes; resumes; address books; appointment books; telephone logs; worksheets; pictures; income statements; profit and loss statements; balance statements; deposit slips; credit card receipts; records or notations of telephone or personal conversations; conferences; intra office communications; interoffice communications; postcards; letters; telexes; partnership agreements; articles of incorporation; mailing lists; catalog price lists; sound, tape and video records; memoranda (including written memoranda of telephone conversation, other conversations, discussions, agreements, acts and activities); minutes, manuals, diaries; calendar or deskpads; scrapbooks; notebooks; correspondence; meetings; instant messaging; text messaging; any record of oral communications; bulletins; circulars; policies; forms; pamphlets; notices; statements; journals; letters; telegrams; reports; photostats; microfilm; microfiche; maps; deposition transcripts; email messages; drawings; blueprints; photographs; negatives; and any other data, information, or statistics contained within any data storage modules, tapes, discs or any other memory device (including on any computer) or any other information retrievable on storage systems, including computer-generated reports and printouts. When identifying a document, state the type of document (e.g., letter, memorandum, note, email, spreadsheet, etc.), date, author, addressee, title, serial or file number, its present

location, the name and address of its custodian, and the substance of the contents. If a document has been destroyed, state when and where it was destroyed, identify the person who destroyed it, and the person or persons who directed the destruction.

4. The term "person" includes individuals and entities. When identifying a person or non-corporate entity, including but not limited to any partnership, joint venture, sole proprietorship or any other unincorporated association, state the person or entity's full name, last known address, and last known office and home telephone numbers. Once a person or entity has been identified in accordance with this paragraph, only the name of that person or entity need be listed in answer to subsequent answers requesting the identification of that person or entity. When identifying a corporation, limited liability company, or other business entity (each, an "entity"), state the entity's name, last known address, last known telephone number, state of organization, date of formation, date of dissolution (if applicable), and all names under which the entity has done business. Once an entity has been identified in accordance with this paragraph, only the name of that entity need be listed in answer to subsequent answers identifying that entity.

5. The phrase "relating to" means consisting of, summarizing, describing, reflecting, supporting, contradicting, or referring to in any way.

6. The term "CrakMedia Affiliate Network" means the online affiliate marketing network described and available at <http://www.crakrevenue.com>.

7. The term "CrakMedia" means Defendant 4355768 CANADA INC. dba CrakMedia, and its parents, subsidiaries, agents, employees, attorneys, and representatives.

8. The terms "You" and "Your" refer to SCTR Services, LLC, and its parents, subsidiaries, employees, agents, attorneys, and representatives.

9. The term "VideosZ Affiliate Program" means the VideosZ affiliate program described at <http://webmasters.videosz.com>.

### III. SUBJECTS OF TESTIMONY

1. All communications relating to CrakMedia.
2. Any representative of CrakMedia with whom You exchanged communications.
3. Any payments from CrakMedia to You or from You to CrakMedia.
4. Any agreement or transaction between CrakMedia on the one hand and You on the other hand.
5. All communications relating to any agreement or transaction between CrakMedia on the one hand and You on the other hand.
6. All communications with third parties relating to CrakMedia.
7. Goods and services You sold, rented, leased, licensed, or otherwise provided to CrakMedia.
8. The structure, operation, and development of the VideosZ Affiliate Program as it relates to CrakMedia.
9. All URL syntax or any portion of any URL that You have ever provided, created, or distributed to CrakMedia in connection with any of Your advertisements, offers, campaigns, or promotions.
10. The source, structure, and technical functionality of those URLs and URL portions and each component thereof.
11. Information or data CrakMedia has provided or otherwise made available to You relating to traffic originating from or through CrakMedia or the CrakMedia Affiliate Network.
12. Information or data You have provided or otherwise made available to CrakMedia relating to traffic originating from or through CrakMedia or the CrakMedia Affiliate Network.
13. Information or data CrakMedia has provided or otherwise made available to You relating to the VideosZ Affiliate Program.
14. Information or data You have provided or otherwise made available to

4
EXHIBIT A TO NONPARTY SUBPOENA TO SCTR SERVICES, LLC

CrakMedia relating to the VideosZ Affiliate Program.

15. Information or data CrakMedia has provided or otherwise made available to You relating to any of Your advertisements, offers, campaigns, or promotions available in the VideosZ Affiliate Program.

16. Information or data You have provided or otherwise made available to CrakMedia relating to any of Your advertisements, offers, campaigns, or promotions available in the VideosZ Affiliate Program.

17. Documents produced by You in response to this subpoena, including, without limitation: (1) the process You undertook to identify and locate those documents; (2) information about the creation, origination, maintenance, and distribution of those documents; and (3) all persons with personal knowledge of the creation, origination, maintenance, and distribution of those documents.

### IV.   DOCUMENTS

1. Documents relating to Communications between You and CrakMedia.

2. Documents sufficient to show all payments or requests for payment from CrakMedia to You or from You to CrakMedia.

3. Documents relating to all agreements or transactions between CrakMedia on the one hand and You on the other hand.

4. Documents relating to instructions, directions, specifications, guides, and manuals that CrakMedia provided or otherwise made available to You.

5. Documents relating to instructions, directions, specifications, guides, and manuals that You provided or otherwise made available to CrakMedia.

6. Documents relating to instructions, directions, specifications, guides, or manuals that relate to configuration, setup, reporting, monitoring, or compensation, which You have provided or otherwise made available to, affiliates in Your SimplyInk Affiliate Program.

7. Documents relating to the structure and function of URLs, or portions thereof, that you have provided or have otherwise made available to affiliates in

1  Your VideosZ Affiliate Program.

2      8.    Documents showing all URLs and portions of URLs that You have
3  provided or otherwise made available to CrakMedia relating to any offer for your
4  goods or services.

5      9.    Documents sufficient to show the meaning, origin, and functionality of
6  these portions <l=9057>, <t=33633>, <craktracker=11186769.U.S.871.12345> of
7  this URL:
8  <http://www.18andabused.com/index.php?l=9057&t=33633&craktracker=1186769
9  .276.US.871.12345& >.

10     10.    Documents sufficient to show the meaning, intended use, and
11 functionality of the portions of the following URL starting with <l=>, <t=>, and
12 <craktracker=>:<http://www.18andabused.com/index.php?l=9057&t=33633&crak
13 tracker=1186769.276.US.871.12345& >.

14     11.    Documents sufficient to show all information or data You have
15 provided or otherwise made available to CrakMedia in connection with all URLs or
16 portions of URLs relating to any offer for your goods or services.

17     12.    Documents sufficient to show all information or data CrakMedia has
18 provided or otherwise made available to You relating to traffic originating from or
19 through CrakMedia or the CrakMedia Affiliate Network.

20     13.    Documents sufficient to show all information or data You have
21 provided or otherwise made available to CrakMedia relating to traffic originating
22 from or through CrakMedia or the CrakMedia Affiliate Network.

23
24
25
26
27
28